IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TREVR B. KOESTNER, | : | Civil No. 1:22-CV-01942 |
| Plaintiff, | : | |
| v. | : | |
| CORRECTIONAL OFFICER BENNINGS, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Before the court is Defendant Bennings' motion to dismiss Plaintiff's complaint. (Doc. 12.) For the reasons discussed below, the court will grant the motion to dismiss for failure to state a claim upon which relief can be granted.

### BACKGROUND AND PROCEDURAL HISTORY

Trevr B. Koestner, ("Plaintiff"), an inmate currently housed at the State Correctional Institution in Camp Hill, Pennsylvania ("SCI-Camp Hill"), initiated this action by filing a complaint under 42 U.S.C. § 1983 in December of 2022. (Doc. 1.) The complaint named three defendants: (1) Officer Benning ("Benning"), Corrections Officer at SCI-Camp Hill; (2) Officer 2 Unknown Name at SCI-Camp Hill; and (3) SCI-Camp Hill. (Doc. 1, pp. 2–3.)[1] Plaintiff alleges that on December 15, 2020, he and seven other inmates were transferred from SCI-Dallas to SCI-Camp Hill. (*Id*., p. 4.) He alleges that they were taken into the strip

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

search room, and there were found dividers where searches were to take place. (*Id*.)  However, Plaintiff alleges that these dividers were not used.  (*Id*.)  Instead, the eight inmates were made to stand in a semi-circle with one corrections officer in the room and another in an adjacent room.  (*Id*.)  He alleges that the inmates expressed that they were uncomfortable with the situation, and requested the names of the corrections officers involved.  (*Id*.)  All the officers allegedly refused.  (*Id*.)  He states that they were threatened with retaliation, so they proceeded to expose themselves in front of each other.  (*Id*.)  Plaintiff alleges that this violated his Fourth Amendment rights.  (*Id*., p. 5.)

   The complaint was screened under 28 U.S.C. § 1915(e)(2)(B)(ii) on January 6, 2023, and all claims against SCI-Camp Hill were dismissed without prejudice because a facility is an improper defendant under 42 U.S.C. § 1983.  (Doc. 6.)  Therefore, the complaint was served on the only remaining defendant who could be identified by the court: Defendant Bennings.  (Docs. 6, 9.)

   Defendant Bennings filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) on February 22, 2023.  (Doc. 12.)  Plaintiff filed a brief in

opposition on March 22, 2023. (Doc. 16.)[2]  Defendant Bennings did not file a reply. The motion to dismiss is now ripe for the court's review.

## JURISDICTION AND VENUE

The court has jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States. Venue is proper in this district because the alleged acts and omissions giving rise to the claims occurred at SCI-Camp Hill, located in Cumberland County, Pennsylvania, which is located within this district. *See* 28 U.S.C. § 118(b).

## MOTION TO DISMISS STANDARD

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable

---

[2] Plaintiff complains about Defendant Bennings' counsel sending documents through the required third-party processing center rather than directly to the prison. (Doc. 16, p. 1.) The Commonwealth of Pennsylvania's Department of Corrections' policy DC-ADM 803 provides that "[a]ll incoming, non-privileged inmate correspondence must be addressed and sent to the Department's contracted central incoming inmate mail processing center." Privileged mail may be sent directly to the inmate at the institution where he is housed. Incoming privileged mail includes, *inter alia*, mail from a court as well as "[m]ail from an inmate's attorney that is either hand-delivered to the facility by the attorney or delivered through the mail system." Any mail sent by defense counsel is not considered to be privileged mail and must be sent to Plaintiff via Smart Communications per DC-ADM 803. This results in a delay of Plaintiff receiving mail sent by defense counsel, but is required under DOC policy.

3

inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Conclusory allegations of liability are insufficient" to survive a motion to dismiss. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79). To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) *abrogated on other grounds by Mack v. Yost*, 968 F.3d 311 (3d. Cir. 2020).

When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing

4

*Pension Benefit Guar. Corp. v. White Consol. Indus., Inc*., 998 F.2d 1192, 1196 (3d Cir. 1993)).

The pleadings of self-represented plaintiffs are to be liberally construed and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015), as amended (Mar. 24, 2015). Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Est. of Lagano v. Bergen Cnty. Prosecutor's Off.*, 769 F.3d 850, 861 (3d Cir. 2014); *see also Phillips*, 515 F.3d at 245. A complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir. 2002).

## DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). It is also well established that "[a] defendant in a civil rights action must have personal involvement in the alleged

wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007) (citations and quotations omitted).

Here, Plaintiff only alleges that two officers were involved. (Doc. 1, p. 4.) However, he fails to identify the officers in the factual allegations of the complaint. (*Id.*) Therefore, he has failed to allege the Defendant Bennings had any personal involvement in the alleged strip-search that took place in December of 2020. As such, all claims against Defendant Bennings will be dismissed without prejudice.

## CONCLUSION

Accordingly, the court will grant Defendants Bennings' motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). However, the Third Circuit has found that a self-represented plaintiff may be granted leave to file an amended complaint even when he does not seek leave to amend. *Phillips*, 515 F.3d at 245. Therefore, Plaintiff will be given an opportunity to file an amended complaint curing the defects set forth above prior the court dismissing the complaint with prejudice.

Plaintiff will be granted thirty (30) days to file the amended complaint. The amended complaint shall be titled as such and will be filed under the same case number as the instant action. Plaintiff shall identify all individuals involved in the

December 2020 search in the amended pleading specifically enough to allow for service of the complaint, including the unnamed correctional officer.

    An appropriate order will follow.

<u>s/Jennifer P. Wilson</u>
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: August 7, 2023