## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TREVR B. KOESTNER, | : | Civil No. 1:22-CV-1942 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CORRECTIONAL OFFICER | : | |
| BENNINGS, *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court is Defendant Bennings' motion to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6).  (Doc. 22.)  For the following reasons, the court will grant the motion, dismiss the amended complaint, and grant Plaintiff leave to file a second amended complaint.

### PROCEDURAL HISTORY

Trevr B. Koestner, ("Plaintiff"), an inmate currently housed at the State Correctional Institution in Camp Hill, Pennsylvania ("SCI-Camp Hill"), initiated this action by filing a complaint under 42 U.S.C. § 1983 in December of 2022. (Doc. 1.)  The complaint named three defendants: (1) Officer Benning ("Benning"), Corrections Officer at SCI-Camp Hill; (2) Officer 2 Unknown Name at SCI-Camp Hill; and (3) SCI-Camp Hill.  (Doc. 1, pp. 2–3.)[1]  Plaintiff alleged that on December 15, 2020, he and seven other inmates were transferred from SCI-

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

Dallas to SCI-Camp Hill, and upon arriving at SCI-Camp Hill were searched in a manner that violated Plaintiff's Fourth Amendment rights.  (*Id.*, pp. 4–5.)

The court screened the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) on January 6, 2023, and dismissed all claims against SCI-Camp Hill because a facility is an improper defendant under 42 U.S.C. § 1983.  (Doc. 6.)  Therefore, the complaint was served on the only remaining defendant who could be identified by the court: Defendant Bennings.  (Docs. 6, 9.)

Defendant Bennings filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) on February 22, 2023.  (Doc. 12.)  Following briefing, the court granted Defendant Bennings' motion, and dismissed the complaint without prejudice for failing to plead any personal involvement by Defendant Benning, but granted Plaintiff leave to file an amended complaint.  (Docs. 19, 22.)

Plaintiff filed an amended complaint on August 22, 2023.  (Doc. 21.)  This is the operative complaint in his action.  Plaintiff names only Defendant Bennings as a defendant and alleges that the following occurred on December 15, 2020:

> I was transferred to SCI Camp Hill from SCI Dallas due to Coronavirus outbreak.  Upon entering SCI Camp Hill, inmates are [routinely] strip searched in accordance with policy.  But, there was nothing [routine] about this strip search at all.  Correction Officer Benning ordered myself and seven other inmates to go into a small room in reception and order[ed] us to stand in a circle facing each other.  Officer Benning then order[ed] us to strip naked.  We informed Officer Benning that this was not within policy to be subjected to this type of sexual abuse.  At this

2

> time I was not aware of his name. (Problem guards to not wear name
> tags so they can not be reported). We tried to refuse this order but was
> informed that we would be sent to the hole, where we would not get
> any food. Officer Benning then went around the circle and had us lift
> our private areas, bend over and spread our butt cheeks etc. I was totally
> humiliated, which to this day, still affect[s] me. At 7:30 pm there is no
> normal staff around, like during the day time. Policy was not followed
> and Office[r] Benning as 10 years of service and knows better.

(Doc. 21, p. 4.) Plaintiff raises a Fourth Amendment unreasonable search claim,

an Eighth Amendment cruel and unusual punishment claim, and additional claims

of sexual abuse "for Officer Bennings['] pleasure or entertainment," terroristic

threats, abuse of power, sexual assault, sexual abuse, infliction of pain and

suffering, humiliation, and post-traumatic stress disorder. (*Id.*, p. 5.)

As an injury Plaintiff states that "[i]n prison we are searched often. During a

shake down, we [] are stripped search[ed] in the privacy of our cells. Each time

this take[s] place, my heart starts to race, my blood rises along with the never

ending anxiety." (*Id.*) For relief, Plaintiff requests $100,000.00 for emotional

damage, $100,000.00 for punitive damages, and an order to not be retaliated

against. (*Id.*)

On August 24, 2023, Defendant Bennings filed a motion to dismiss pursuant

to Fed. R. Civ. P. 12(b)(6) and a brief in support. (Docs. 22, 23.) Plaintiff filed a

brief in opposition on September 12, 2023. (Doc. 24.) Defendant Bennings did

not file a reply. The pending motion to dismiss is now ripe to be addressed by the

court.

**JURISDICTION AND VENUE**

The court has jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States. Venue is proper in this district because the alleged acts and omissions giving rise to the claims occurred at State Correctional Institute Camp Hill ("SCI-Camp-Hill"), in Cumberland County, Pennsylvania, which is located within this district. *See* 28 U.S.C. § 118(b).

**MOTION TO DISMISS STANDARD**

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Conclusory allegations of liability are insufficient" to survive a motion to dismiss. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79). To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than

conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) *abrogated on other grounds by Mack v. Yost*, 968 F.3d 311 (3d. Cir. 2020).

When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc*., 998 F.2d 1192, 1196 (3d Cir. 1993)).

The pleadings of self-represented plaintiffs are to be liberally construed and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015), as amended (Mar. 24, 2015). Self-represented litigants are to be

granted leave to file a curative amended complaint even when a plaintiff does not

seek leave to amend, unless such an amendment would be inequitable or futile.

*See Est. of Lagano v. Bergen Cnty. Prosecutor's Off.*, 769 F.3d 850, 861 (3d Cir.

2014); *see also Phillips*, 515 F.3d at 245.  A complaint that sets forth facts which

affirmatively demonstrate that the plaintiff has no right to recover is properly

dismissed without leave to amend.  *Grayson v. Mayview State Hosp.*, 293 F.3d

103, 106 (3d Cir. 2002).

DISCUSSION

**A. Plaintiff's Fourth Amendment Claim Will Be Dismissed.**

Plaintiff alleges that the December 15, 2020 strip search violated his Fourth

Amendment rights.  (Doc. 21, p. 5.)  The Fourth Amendment protects "[t]he right

of the people to be secure in their persons . . . against unreasonable searches and

seizures."  U.S. Const. amend. IV.  Inmates do not have a Fourth Amendment right

to be free of strip searches under all circumstances.  *See Bell v. Wolfish*, 441 U.S.

520 (1979).  Although strip searches constitute a "significant intrusion on an

individual's privacy," *United States v. Whitted*, 541 F.3d 480, 486 (3d Cir. 2008),

where prison officials conduct such searches in a reasonable manner to maintain

security and to prevent the introduction of contraband or weapons in the facility,

strip searches do not violate the Fourth Amendment.  *See Florence v. Bd. of*

*Chosen Freeholders of Cty. of Burlington*, 621 F.3d 296, 309-311 (3d Cir. 2010), affirmed, 566 U.S. 318 (2012).

When determining the reasonableness of a search, courts must balance "the need for the particular search against the invasion of personal rights that the search entails" and consider "the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Bell*, 441 U.S. at 558-59 (holding that the prison's policy of strip and visual body cavity searches, requiring inmates to stand naked, lift their genitals and bend over and spread their buttocks for visual inspection, did not violate an inmate's Fourth Amendment rights); *see also Brown v. Blaine*, 185 F. App'x 166, 169-70 (3d Cir. 2006) (finding no constitutional violation where inmate was required to lift his genitals, spread his buttocks, and then place his hands on his head and sweep his mouth with his fingers).

The Supreme Court also held that it is constitutional to conduct a full strip search of an individual detained in the general population of a jail, regardless of the reason for detention or the existence of reasonable suspicion that the individual is concealing something. *Florence*, 566 U.S. at 328 (explaining that "correctional officials must be permitted to devise reasonable search policies to detect and deter the possession of contraband in their facilities"); *see also Small v. Wetzel*, 528 F. App'x 202, 207 (3d Cir. 2013) (holding that it is constitutional to conduct a full

strip search of an inmate in general population, "regardless of the reason for detention or the existence of reasonable suspicion that the individual is concealing something") (citing *Florence*, 566 U.S. 318).

Moreover, there is no violation of Plaintiff's constitutional rights by conducting the strip search, including a visual body cavity search, in front of other inmates.  *See Illes v. Beard*, No. 1:12-cv-964, 2013 WL 2285565, at *5 (M.D. Pa. May 23, 2013); *Eby v. Karnes*, No. 1:19-CV-2069, 2020 WL 1550634 (M.D. Pa. Apr. 1, 2020) (where the search was performed in front of other inmates and included a visual cavity search).

Here, Plaintiff has failed to allege any facts demonstrating that December 15, 2020 search was unreasonable.  The fact that it was performed in front of other inmates does not establish a constitutional violation.  Therefore, the Fourth Amended claim will be dismissed without prejudice.

## B. Plaintiff's Eighth Amendment Cruel and Unusual Punishment Claim Will Be Dismissed.

Plaintiff alleges that the December 15, 2020 strip search also violated the Eighth Amendment protection against cruel and unusual punishment.  (Doc. 21, p. 5.)  The Eighth Amendment prohibits cruel and unusual punishment.  U.S. Const. Amend. VIII.  The Eighth Amendment applies when an inmate alleges that a strip search was conducted in a physically abusive manner.  *See Jordan v. Cicchi*, 428 F. App'x 195, 199–200 (3d Cir. 2011); *Robinson v. Ricci*, No. 09-2023, 2012 WL

8

1067909, at *17 n.6 (D.N.J. Mar. 29, 2012) (explaining that the "Eighth

Amendment may be implicated where the strip search or visual body cavity search

was conducted in a brutish and unreasonable manner").  Visual-body cavity

searches constitute cruel and unusual punishment in violation of the Eighth

Amendment only when "they are 'undertaken maliciously or for the purposes of

sexually abusing an inmate.'"  *Parkel v. Danberg*, 833 F.3d 313, 335 (3d Cir.

2016) (quoting *Crawford v. Cuomo*, 796 F.3d 252, 258 (3d Cir. 2015)).

Nothing in Plaintiff's complaint supports a conclusion that the strip search

was done in a physically abusive manner or "undertaken maliciously or for the

purposes of sexually abusing an inmate."  Plaintiff states that he was strip searched

upon being transferred to SCI Camp Hill, which is a routine practice.  (Doc. 21, p.

4.)  Therefore, there is no maliciousness alleged.

The court acknowledges that in the legal claims section of the complaint

Plaintiff states "I was sexually abused for Officer Bennings['] pleasure or

entertainment."  (*Id.*, p. 5.)  In Eighth Amendment sexual abuse claims, "the

incident must be objectively, sufficiently intolerable and cruel, capable of causing

harm, and the official must have a culpable state of mind."  *Rick v. Shover*, 891,

F.3d 468, 475 (3d Cir. 2018) (applying the objective/subjective test for cruel and

unusual punishment claims from *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)).

"Regarding the subjective prong, [the court] consider[s] whether the official had a

9

legitimate penological purpose or if he or she acted 'maliciously and sadistically for the very purpose of causing harm.'"  *Id*.  Again, Plaintiff states that he was strip searched upon being transferred to SCI Camp Hill, which is a routine practice. (Doc. 21, p. 5.)  Nothing in the pleading indicates that the search was performed "maliciously and sadistically for the very purpose of causing harm" outside of Plaintiff's legal conclusion–stated without factual support–that he was sexually abused.  Therefore, Plaintiff's Eighth Amendment claim will be dismissed without prejudice.

### C. Plaintiff's Criminal Claims Will Be Dismissed.

Plaintiff included claims of terroristic threats, sexual assault, and sexual abuse.  (Doc. 21, p. 5.)  These are criminal acts under the Pennsylvania criminal code.  18 Pa. C.S. § 2706; 18 Pa. C.S. §§ 3121–3133.  Private citizens lack standing to initiate criminal proceedings.  *United States v. Wegeler*, 941 F.3d 665, 668 (3d Cir. 2019) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).  Therefore, Plaintiff's attempt to assert a criminal action against Defendant Bennings in this civil complaint will be dismissed with prejudice.

### D. Plaintiff's Miscellaneous Remaining Claims Will Be Dismissed.

Plaintiff also attempts to raise claims of abuse of power, violation of his rights as a person, and infliction of pain and suffering along with humiliation and post-traumatic stress disorder.  (Doc. 21, p. 5.)  These legal conclusions may

amount to elements of an Eighth Amendment claim, but they are not independent claims.  The District Court for the District of New Jersey summarized why an abuse of power allegation alone cannot be addressed under a § 1983 claim:

> At a high level of generality, § 1983 is aimed at preventing "abuses of power by those acting under color of state law."  *Robertson v. Wegmann*, 436 U.S. 584, 591 (1978); *see also Giles v. Campbell*, 698 F.3d 153, 156 (3d Cir. 2012).  Some underlying violation of the U.S. Constitution or state law, however, must be alleged.  "[A]buse of power" is not itself "an independently cognizable claim for § 1983 purposes."  *O'Bradovich v. Village of Tuckahoe*, 325 F. Supp. 2d 413, 426 (S.D.N.Y. 2004); *see also In re Copeland*, Civ. No. 18-13948, 2019 WL 1090005, at *2 (Bankr. W.D. Okla. Mar. 7, 2019) (collecting cases that state there is no freestanding cause of action for abuse of power); *Paoli v. Stetser*, Civ. No. 12-66, 2014 WL 3386037, *34 (D. Del. July 11, 2014), *report and recommendation adopted in part, rejected in part*, 2014 WL 5857567 (D. Del. Nov. 10, 2014), *aff'd*, 651 F. App'x 123 (3d Cir. 2016) ("[T]here is not a separate legally cognizable claim of 'abuse of power' under federal law.").  That a defendant abused her power in the course of committing some alleged constitutional violation "adds nothing of legal significance to Plaintiffs' complaint"; "Section 1983 draws no distinction between abusive and nonabusive federal violation and does not require proof of abuse of governmental power separate and apart from proof of constitutional violations."  *O'Bradovich*, 325 F. Supp. 2d at 426 (citing *Collins v. City of Marker Heights, Tex.*, 503 U.S. 115, 119 (1992).

*Davis v. Yates*, No. 15-6943 (KM) (JBC), 2020 WL 526129 at *13 (D. N.J. Feb. 3, 2020).

Therefore, these remaining miscellaneous claims will be dismissed without prejudice to Plaintiff proving such elements as the basis for an alleged violation of the U.S. Constitution or state law.

## CONCLUSION

For the foregoing reasons, Defendant Bennings' motion to dismiss will be granted.  Before dismissing a civil rights complaint, a district court "must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245.  Plaintiff will be granted leave to file a curative second amended complaint, but he must clearly label the document as his second amended complaint and use the docket number assigned to this case.  Pursuant to Local Rule 15.1, all amended pleads are to be "complete in itself."  Should Plaintiff fail to timely file a second amended complaint, or should the second amended complaint fail to cure the defects addressed above, the court will dismiss all claims with prejudice and close the case.

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated:  December 27, 2023